IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

SEP 1 3 2017
Clerk, U.S. Courts
District of Montana
Missoula Division

| | |
|---|---|
| GEORGE ALLEN COLLINS,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-87-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On August 4, 2017, Petitioner George Allen Collins, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Collins is a state prisoner proceeding pro se.

On August 17, 2017, Collins was ordered to show cause explaining what steps he had taken to exhaust his claims in the state court system. (Doc. 2). Collins then moved the Court to proceed in forma pauperis and sought additional time to file his Response. (Docs. 4 & 5). As set forth below, Collins has only begun the process of exhausting his claims in the state court system. Accordingly, his motion for extension is denied as moot and his petition should be dismissed without prejudice for failure to exhaust.

I. **Motion to Proceed In Forma Pauperis**

Collins has applied to proceed in forma pauperis. After reviewing the

1

information provided by Collins, I find that he has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. 28 U.S.C. § 2254 Petition

Collins was charged with Driving Under the Influence, Fourth or Subsequent Offense, in the First Judicial District Court, Lewis and Clark County. (Doc. 1 at 1). This Court has reviewed the state court docket and confirmed Collins pled guilty; written judgment was entered against him on July 13, 2017.[1] Through counsel, Collins timely filed a notice of appeal challenging the conviction in the Montana Supreme Court. See, *State v. G. Collins*, DA 17-0528, Not. of Appeal (filed Sept. 7, 2017).[2] It does not appear that a briefing schedule has yet been set.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

---

[1] A court may take judicial notice of proceedings in other courts, including orders and filings in state courts, when directly related to the case at issue. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).

[2] Available at: https://supremecourtdocket.mt.gov/search/case?case=20634 (accessed September 12, 2017).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

A review of Collins' petition and the corresponding state court records reveal that Collins' direct appeal proceedings are in the initial stage. This Court cannot relieve Collins of the burden of first presenting his claims to the state courts. Because there is a state remedy available to Collins, in the form of the direct appeal he is currently pursuing, he has not yet exhausted his remedies. Consequently, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Collins may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Collins has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

**ORDER**

1. Collins' Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Collins' Motion for Extension of Time (Doc. 5) is DENIED as moot.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Collins may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Collins must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 13th day of September, 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Collins is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

5